### DRESNER v. DIAMOND.

(Circuit Court of Appeals, Seventh Circuit. December 7, 1916.)

No. 2349.

1. PATENTS ⟨⟩243—INFRINGEMENT—COMBINATION OF OLD ELEMENTS.
Infringement of a patent for a combination of old elements must be
predicated on an appropriation of the same elements or their equivalents
in the same combination.
[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 382–384.]

2. PATENTS ⟨⟩328—INFRINGEMENT—SUIT CASE.
The Dresner patent, No. 958,860, for a suit case, *held* not infringed.

Appeal from the District Court of the United States for the East-
ern Division of the Northern District of Illinois.

Suit in equity by Samuel Dresner against Nicholas Diamond. De-
cree for defendant, and complainant appeals. Affirmed.

Rudolph Wm. Lotz, of Chicago, Ill., for appellant.
Charles C. Bulkley, of Chicago, Ill., for appellee.

Before KOHLSAAT, MACK, and EVANS, Circuit Judges.

KOHLSAAT, Circuit Judge. Appellant filed his bill in the District
Court to restrain infringement of his patent No. 958,860, for a suit
case, granted to him on May 24, 1910. The District Court dismissed
his bill for want of equity, and he has prosecuted this appeal.

The one claim of the patent reads as follows:

A suit case formed of two hinged parts, each of said parts comprising a
single side member having integral top and end portions and a bottom flap, a
single bottom member for both of said parts overlapping and secured to the
bottom flaps, each of said side members being cut away and rounded at its
corners and the ends of the top and side portions and bottom flap being over-
lapped and secured together, and corner pieces secured over the corners of
said case, substantially as described.

This claim was presented in response to the action of the examiner in
rejecting all four of the original claims, and was in terms limited to the

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

patentee's specific structure. The accompanying drawings of the patent illustrate in detail the parts described and referred to in said claim:

*Fig. 7.*

Fig. 7 shows one of the hinged counterparts of the suit case; numeral *1* thereof shows the side, *3*, *4*, and *5* the integral top, end, and bottom flap portions respectively. Fig. 3 shows the single bottom member, and Figs. 4 and 5 the reinforcing corner pieces. The single bottom member, Fig. 3, and two counterparts, like Fig. 7, constitute the three main parts of the suit case. The top and ends of the suit case are formed, as will be readily understood from Fig. 7, by bending the extensions *3* and *4* into proper position for that purpose. Bottom flap *5* is overlapped by the bottom member, Fig. 3, and the two are stitched together at the side edges of the bottom. A

*Fig. 3.* *Fig. 5.* *Fig. 4.*

shoulder strap or corner piece, Fig. 4, covers each of the top corners of the suit case and unites the top and end portions thereof; and a corner piece, shown in Fig. 5, covers each of the lower corners and unites the end portions and bottom member of the suit case. The free edges of the top and end portions of the case are fastened to the usual metallic hinge frames so as to provide a convenient method of opening and closing the suit case, the ends of these frames being fastened to the respective ends of the bottom member. The material of this bottom, as well as of the other two counterparts of the case, con–

sists of stiff cardboard, one surface of which is covered by a thin veneer of leather, so as to give to the exterior of the suit case the proper finish. In appellant's commercial form of suit case, the bottom is made somewhat differently from that described in his patent. The bottom of the patent appears to be of a solid piece of uniform thickness. In the commercial form the inner cardboard material of the bottom is in three sections—one wide section on each side of the bottom next the side section, and one narrow section extending between the wide sections along the longitudinal center of the bottom, all joined by the one-piece leather covering in such a manner as to provide a hinge for the suit case parts.

Appellee's suit case, alleged to be an infringement of the patent, is constructed in two main parts. Instead of using a separate bottom piece, appellee forms his bottom, as well as his top, integrally with the side members; that is, an integral extension of each side piece forms a half of the bottom of the case. The outer leather coverings of these extensions are of a little greater width than the inner cardboard material, and overlap along the longitudinal center of the bottom thus formed. These overlapping portions are fastened together and to a narrow hinge member slightly exceeding the overlap in width and extending the length of the bottom along the longitudinal center thereof.

Appellant charges that appellee's device appropriates all of the elements of the patent. As was pointed out by the Patent Office in rejecting all of the claims originally presented by the patentee, in which rejection appellant concurred, it was not new to make top, end, and bottom members integral with the side members of a suit case, nor to provide a bottom flap for each side section and a single bottom member for both of said parts, overlapping and secured to the respective bottom flaps, nor cut-away and rounded corners for the overlapping of the ends and tops, nor metallic frames in a suit case formed of two hinged parts. All of these elements were disclosed in the prior art references, viz.: Patent to Frankel, No. 384,969, issued on June 26, 1888; Heller patent, No. 362,581, issued May 10, 1887; Armbruster, No. 371,405, dated October 11, 1887; Nusbaum et al., No. 561,808, of June 9, 1896; Tashjian, No. 785,188, March 21, 1905; Clark, No. 797,495, dated August 15, 1905; and patent to Godeke, No. 939,005, issued on November 2, 1909. Later patents are cited by appellee to the same effect. Patent No. 305,710, issued September 23, 1884, to J. R. Patton for a sheet metal box, and Smith patent, No. 634,507, dated October 10, 1899, for a paper box, and others, show rounded corners.

[1] The examiner held that all the elements in appellant's device were old in the art, and that his invention resided in his particular combination of old elements, most of which were covered by the four rejected claims. In such case, infringement, if any, must be predicated upon an appropriation of the same elements or their equivalents in the combination of the patent. Electric Railroad Signal Co. v. Hall Railway Signal Co., 114 U. S. 87, 5 Sup. Ct. 1069, 29 L. Ed. 96.

[2] In the patent in suit no provision is made in terms for a hinged portion. Manifestly there must be something equivalent to a hinge in an operative suit case. In his commercial device the patentee makes

a break in the cardboard of the one-piece bottom, as above stated, but not in the leather covering. Assuming that this commercial form is permissible under the patent, it is apparent that the appellee's device has a three-piece cardboard bottom covered by a two-piece leather veneer. If the leather covering constitutes the bottom, then the bottom of the patented device might consist of an unlimited number of cardboard sections. However that may be, the alleged infringing device does not respond to the language of the claim in suit, nor is the combination the same. Having accepted a patent limited to his specific device, the range of equivalents is necessarily narrow. He is limited to the one-piece bottom. This appellee does not use. Consequently there is no infringement.

The decree of the District Court is affirmed.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes